OPINION
{¶ 1} Plaintiff-appellant Holly Williams appeals from a summary judgment rendered against her on her complaint for underinsured motorist coverage. Williams contends that the trial court erred in rendering summary judgment. For the following reasons, we reverse and remand.
 I {¶ 2} In 1996, David Williams was driving a vehicle which he owned when his car was struck by another motorist. Mr. Williams died as a result of this accident. His surviving spouse, Holly Williams, filed suit against the other motorist.[1] In 1998, the suit was settled with the agreement that in exchange for the payment of the other motorist's liability insurance limit of $100,000, Williams agreed to dismiss the case with prejudice and release the tortfeasor from further liability.
 {¶ 3} At the time of the accident, David Williams' employer, Continental Express, Inc., had in force insurance policies providing uninsured/underinsured motorist coverage. The policies were issued by defendant-appellees Cincinnati Insurance Company and Continental National Indemnity Company.
 {¶ 4} Williams brought this action against Cincinnati Insurance Company and Continental National Indemnity Company. In her amended complaint, Williams alleged that David Williams was an employee of Continental Express, Inc. at the time of his death. She claimed that she was entitled to underinsured motorists coverage under both the Cincinnati Insurance Company and Continental National Indemnity Company policies, pursuant to Scott-Ponzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 5} Cincinnati Insurance Company and Continental National Indemnity Company moved for summary judgment, contending that Williams was not entitled to coverage because David Williams was not employed by Continental Express, Inc. at the time of his death, and alternatively because Williams had failed to comply with policy requirements pertaining to timely notice of settlement and subrogation rights. The trial court rendered summary judgment against Williams upon a finding that Williams had failed to abide by the policy requirements regarding notice of settlement and subrogation rights, without reaching the issue of Williams' employment status at the time of the accident.[2] From this judgment Williams appeals.
 II {¶ 6} Williams raises the following Assignment of Error:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS BASED UPON LACK OF NOTICE AND PRESUMED IMPAIRMENT OF SUBROGATION RIGHTS."
 {¶ 8} Williams claims that the trial court erred in rendering summary judgment against her.
 {¶ 9} We review the appropriateness of summary judgment de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588,641 N.E.2d 265, citation omitted. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 369-70, 1998-Ohio-389. With this standard in mind, we address Williams' sole assignment of error.
 {¶ 10} Williams first argues that summary judgment is inappropriate because any notice and subrogation protection provisions contained in the insurance contracts are not applicable to her claims. Specifically, she contends that the conditions requiring timely notice of settlement and of subrogation rights contained in the policies are not binding upon her since the coverage arose by operation of law, rather than by contract. We disagree.
 {¶ 11} This court has previously stated that conditions precedent to coverage clearly do apply to insurance imposed by operation of law.Luckenbill v. Midwestern Indemnity Co., 143 Ohio App.3d 501,2001-Ohio-465. Although as noted by Williams, Luckenbill involved a homeowner's insurance policy, this court has extended that holding to include underinsured motorists coverage imposed by operation of law. See, Wodrich v. Federal Insurance Company, Greene App. No. 02CA3, 2002-Ohio-5122, ¶ 12. Specifically, we held that when UIM coverage arises by operation of law, any general notice provisions contained in the underlying policy apply to any parties making claims thereunder. Accord, Knox v. Travelers Ins. Co., Franklin App. No. 02AP-28, 2002-Ohio-6958,¶ 27-28.
 {¶ 12} Williams next argues that the alleged late notice and alleged impairment of subrogation rights do not bar her claims because they have not caused actual prejudice to the insurers. Therefore, she contends that the trial court erred by granting summary judgment in favor of the insurers.
 {¶ 13} The Ohio Supreme Court has just recently addressed this issue in Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, ___N.E.2d ___, wherein it opined that, "* * * when an insurer's denial of UIM coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. at ¶ 81. The Court also stated that the breach of consent-to-settle or other subrogation-related provisions in UIM policies is presumed to be prejudicial to the insurer absent evidence to the contrary. Id. at ¶ 88.
 {¶ 14} The Court further set forth a two-step approach for determining whether either of these provisions has been breached, and the effect thereof:
 {¶ 15} "The first step is to determine whether a breach of the provision at issue actually occurred. The second step is, if a breach did occur, was the insurer prejudiced so that UIM coverage must be forfeited? * * *
 {¶ 16} "The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances'. * * * If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut.
 {¶ 17} "In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. * * * If [it] was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." Id. at ¶ 89-91.
 {¶ 18} Therefore, according to Ferrando, the inquiry whether UIM coverage is owed does not stop upon a finding of breach of a policy provision. Instead, a trial court must consider the effect of the breach. If the breach is not prejudicial to the insurer, coverage will be owed.
 {¶ 19} In this case, the trial court ended its inquiry at its finding of breach, without considering the effect of the breach. We conclude that this matter must be remanded for further consideration in accordance with the holding in Ferrando.
 {¶ 20} Accordingly, Williams' sole Assignment of Error is sustained.
 III {¶ 21} Williams' sole Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings in accordance with this opinion.
GRADY and YOUNG, JJ., concur.
[1] Included as plaintiffs in the suit are the three minor children of Holly and David Williams. For ease of reference, the plaintiff-appellants will be referred to collectively as Williams.
[2] After reviewing the record, we conclude that Williams presented sufficient evidence to establish a genuine issue of material fact with respect to the decedent's employment status at the time of the accident, rendering this issue inappropriate for summary judgment.